# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AMBER MEEKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18CV811 HEA |
| | ) |
| US BANK | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This case is before the Court on Defendant's Motion to Dismiss, [Doc. No. 5], Plaintiff opposes the motion. For the reasons set forth below, the Motion will be denied.

### Facts and Background[1]

On December 13, 2017, Plaintiff applied to Defendant for a position of employment. As part of its employment application process, Defendant requires potential employees such as Plaintiff to submit to a background check wherein information pertaining to character, general reputation, personal characteristics and/or mode of living are reviewed and used to determine, together with other factors, whether to hire an applicant.

---

[1] The recitation of facts is set forth for the purposes of this motion only. It in no way relieves the parties of the necessary proof thereof in later proceedings.

On December 27, 2017, Defendant advised Plaintiff it would be performing a background check on Plaintiff. On December 28, 2017, Defendant communicated to Plaintiff an offer of employment conditioned on Plaintiff passing a background check. In conducting a background check of Plaintiff, Defendant obtained from FIRST ADVANTAGE BACKGROUND SERVICES CORP., a consumer report, as that term is defined by 15 U.S.C. §1681a(d), regarding Plaintiff. The consumer report was to be used by Defendant to assist in determining Plaintiff's fitness for the position applied for, and to assist in determining whether to hire Plaintiff for a position of employment.

After receiving and reviewing the consumer report obtained regarding Plaintiff, Defendant intended to deny Plaintiff the employment opportunity based in whole or in part on the consumer report.

Prior to January 22, 2018, Defendant made a determination not to hire Plaintiff. On January 22, 2018, Defendant sent Plaintiff an email correspondence in which it apprised Plaintiff that she did not pass the background check.

At no time after making the determination not to hire Plaintiff did Defendant provide any oral, written, or electronic notice to Plaintiff of the name, address and telephone number of the consumer reporting agency that furnished the consumer report to Defendant that was used in whole or in part to deny Plaintiff employment.

At no time after making the determination not to hire Plaintiff did Defendant provide Plaintiff oral, written, or electronic notice of the Plaintiff's right to obtain a free copy of the report on Plaintiff from the consumer reporting agency that furnished the consumer report to Defendant that was used in whole or in part to deny Plaintiff employment.

Prior to taking any action on Plaintiff's employment application to deny Plaintiff the employment opportunity, Defendant failed to provide Plaintiff a copy of the consumer report to Plaintiff.

Prior to taking any action on Plaintiff's employment application to deny Plaintiff the employment opportunity, Defendant failed to provide to Plaintiff a description in writing of the rights of Plaintiff under the FCRA.

Plaintiff contends that Defendant's conduct as delineated above was willful and a reckless disregard for the law and the rights of the Plaintiff. Plaintiff further alleges that Defendant's actions were in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

Defendant moves to dismiss the Complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this

requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555, 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

## Discussion

Defendant argues that First Advantage merely provided the FBI's background check to Defendant. From this, Defendant concludes that since the FBI is not a credit reporting agency, the report from First Advantage to Defendant does not qualify as a consumer report, and therefore Defendant has not violated the FCRA.

The Court can consider the First Advantage report for this analysis, since the Complaint necessarily embraces the report. ("Documents that are necessarily embraced by the pleadings are not 'matters outside the pleadings' for purposes of Rule 12(d)." *Reitz v. Nationstar Mortg., LLC*, 954 F.Supp.2d 870, 876 (E.D. Mo. 2013). "A court need not convert a Rule 12(b)(6) motion to dismiss into on[e] for

summary judgment under Rule 12(d) if the matters presented are incorporated by reference, are integral to the claim, or are exhibits whose authenticity is unquestioned." *Id.* (citations omitted)). According to the report, it contains information collected by First Advantage from third party data sources. It further states that it considered the report to be a report subject to the provisions of the FCRA, and delineates certain requirements of the FCRA. It would appear at this stage of the proceedings, without further discovery, that the report may indeed fall within the confines of the FCRA.

At this stage of the proceedings and under the applicable standard of Rule 12(b)(6), the Complaint sets forth a plausible claim.

## Conclusion

Based upon the foregoing analysis, the Complaint states a claim under the FCRA, and as such, withstands the Motion to Dismiss.

Accordingly,

**IT IS HERBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 5], is **DENIED.**

Dated this 19th day of February, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE